UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SALDANA,<br><br>                                    Plaintiff,<br><br>v.<br><br>NEIL McDOWELL, Warden,<br><br>                                    Defendant. | Case No.:  16CV161-JLS (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 13]** |

This Report and Recommendation is submitted to United States District Court Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  On January 13, 2016, Petitioner Leonard Saldana, a state prisoner proceeding *pro se* and *in forma pauperis*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. §2254.  ECF No. 1 ("Pet."). Petitioner challenges his conviction for one count of oral copulation on a child 10 years of age or younger and two counts of lewd acts upon a child with allegations of substantial sexual conduct.  Lodgment 2 at 1-6.  Currently before the Court is Respondent's Motion to Dismiss the Petition for being untimely.  ECF Nos. 7 and 7-1 ("MTD").  On July 20, 2016, the date of

Petitioner's signature, Petitioner filed an opposition. ECF No. 19 ("Oppo."). For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2012, Petitioner pled guilty to one count of oral copulation with a child under the age of ten and two counts of lewdly touching a child under the age of 14 for sexual gratification with substantial sexual conduct. Lodgment 1 at 8. On June 20, 2012, Petitioner filed a motion to withdraw his guilty plea claiming ineffective assistance of counsel. Lodgment 3. Petitioner alleged that his trial counsel advised him that he would be released after serving 16 years in custody and that his attorney never explained the specific ramifications and consequences of the Sexually Violent Predator laws. Id. at 4. On July 20, 2012, the trial court denied Petitioner's motion and sentenced Petitioner to 18 years to life in state prison. Lodgment 2 at 15; see also Lodgment 5 at 2, 9; and Lodgment 6 at 1. On November 18, 2012, Petitioner filed a second motion to withdraw his guilty plea on the same grounds as his first motion. Lodgment 4. The court ruled that it did not have jurisdiction to entertain a motion to withdraw a guilty plea. Lodgment 2 at 15. Petitioner did not appeal his guilty plea and sentence. Lodgment 6 at 1.

Petitioner constructively filed a petition for writ of habeas corpus on June 1, 2014 in the San Diego Superior Court arguing that (1) his trial counsel was ineffective, and (2) his Sixth and Fourteenth Amendment rights were violated when the trial court denied Petitioner's motions to withdraw his guilty plea. Lodgment 5 at 3-4. The court denied the petition on July 28, 2014 finding there was insufficient evidence to support Petitioner's claims. Lodgment 6 at 2-5.

Petitioner constructively filed another petition for writ of habeas corpus on October 5, 2014 in the California Court of Appeal raising the same claims that were raised in his superior court petition. Lodgment 7. The appellate court denied the petition on October 23, 2014, noting that Petitioner's claims are procedurally barred as untimely and that Petitioner "has not stated a prima facie case for relief." Lodgment 8 at 1.

On October 30, 2014, Petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court raising the same claims that were raised in his previous petitions. Lodgment 9. The supreme court denied the petition on January 21, 2015. Lodgment 10. Petitioner now seeks review from this Court.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claim:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006 & Supp. 2016).

## DISCUSSION

Respondent contends that the petition should be dismissed as untimely because it was filed more than a year after the one-year statute of limitations expired. MTD at 5 ("All totaled, [Petitioner's] federal Petition is past the statute of limitations by 653 days."). Plaintiff filed a lengthy opposition asserting numerous arguments and legal theories, only a few of which are applicable to the instant motion. Oppo. With regards to the timeliness issue, Petitioner alleges that his petition is properly and timely filed and that Petitioner has been "diligent in his efforts to bring these issues to fruition so that justice can be satisfied." Id. at 21. Petitioner also argues that he is entitled to both statutory and equitable tolling. Id. at 6. Finally, Petitioner asserts his petition should not be dismissed because he is actually innocent. Id.

A. **The AEDPA Statute of Limitations**

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (2006 & Supp. 2016). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons "in custody

pursuant to the judgment of a State court." Id. § 2244(d)(1). The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

Petitioner did not appeal his conviction to the California Court of Appeal and the conviction became final 60 days after Petitioner was sentenced on July 20, 2012. See Vue v. Beard, 2015 U.S. Dist. LEXIS 58332, at *2-3 (C.D. Cal. May 4, 2015) (finding that petitioner's conviction became final 60 days after he pled guilty and was sentenced on September 29, 2011); Cal. Rule of Court 8.308(a) (notice of appeal must be filed within 60 days after the judgment or order being appealed); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (where petitioner does not appeal, "his conviction be[comes] final . . . 60 days after the judgment of conviction"). For Petitioner, the statute of limitations under the AEDPA began to run on September 18, 2012 (60 days after Petitioner was sentenced), and expired on September 18, 2013[1]. The instant action was not filed until January 13, 2016 – more than two years after the statute of limitations ran.

---

[1] Respondent states that the statute of limitations expired on August 9, 2013. MTD at 4. Respondent arrived at that conclusion by calculating the finality of Petitioner's conviction from June 20, 2012. Id. The Court assumes that this was an error on the part of Respondent and that Respondent intended to use July 20, 2012 as the date of sentencing. Lodgment 2 at 15. Finality of direct review, therefore, occurred on September 18, 2012, or 60 days after July 20, 2012.

Because Petitioner did not file his federal habeas petition within the one-year statute of limitations, the petition is untimely unless sufficiently tolled.

### B. Petitioner Is Not Entitled to Statutory Tolling

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999) (overruled on other grounds by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir 2008)). An application for state post-conviction review is considered "pending" during the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law. Carey v. Saffold, 536 U.S. 214, 222-25 (2002). In California, where habeas decisions are not appealed but may be filed originally in each court, "pending" includes a reasonable time, such as thirty to sixty days, between decision and subsequent filing. Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding that an unjustified and unexplained six-month delay is presumptively unreasonable). However, the statute of limitations is not tolled after state habeas proceedings are final and before federal habeas proceedings are initiated. See 28 U.S.C. § 2244(d)(2). Additionally, the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino, 183 F.3d at 1006.

As previously stated, the statute of limitations began to run on September 18, 2012 and expired on September 18, 2013. Petitioner constructively filed his first petition for collateral state post-conviction relief in the San Diego Superior Court on June 1, 2014. Lodgment 5. The statute of limitations expired 259 days before Petitioner filed his first petition. A petitioner's first state habeas petition filed well after the AEDPA statute of limitations ended is an absolute time bar to refiling after exhausting state claims. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Thus, Petitioner is not entitled to statutory tolling and unless Petitioner can establish an

entitlement to equitable tolling, the instant petition is time barred.

## C. Petitioner Is Not Entitled to Equitable Tolling

The United States Supreme Court has held that the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. at 418). The bar is set high to effectuate that "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Rose, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing Carey, 536 U.S. at 226). Whether a petitioner is entitled to equitable tolling depends on a fact-specific inquiry. Holland, 560 U.S. at 650.

"The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Id. (citations omitted). The purpose of requiring Petitioner to show diligence "is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2003)). To determine whether a petitioner has been diligent, courts consider "the petitioner's overall level of care and caution in light of his or her particular circumstances." Id.

Petitioner argues that he is entitled to equitable tolling because he diligently pursued his rights and extraordinary circumstances prevented him from timely filing a petition. Oppo. at 12. Specifically, Petitioner identifies the following extraordinary circumstances: (1) his former attorney abandoned him after sentencing, (2) he relied on another inmate to file a habeas corpus petition on his behalf in January of 2013 and the inmate failed to do so, and (3) he is actually innocent. Id. at 7, 13, 21. Petitioner states that he diligently pursued his rights

because (1) Petitioner and his wife unsuccessfully tried to maintain communication with trial counsel after sentencing, and (2) he spent three months preparing a habeas petition and "sent [it] out" on June 16, 2013 after discovering the other inmate failed to file a petition on his behalf. Id. at 4, 13.

### 1. Petitioner Cannot Establish Attorney Abandonment

Petitioner asserts that between February and June of 2012 his attorney advised him that even if his motion to withdraw his guilty plea was denied, Petitioner would have other options available to him to challenge his conviction and sentence. Oppo. at 4, 7. Petitioner states that after he was sentenced on July 20, 2012, his attorney abandoned him without advising him how to appeal or otherwise challenge his conviction and sentence. Id. Petitioner contends that he and his wife "tried diligently to maintain communication with counsel to no avail." Id. at 4.

The Supreme Court has held that attorney abandonment can toll the AEDPA statute of limitations for equitable reasons. Holland, 560 U.S. at 652. In that case, the petitioner's attorney failed to timely file a petition for habeas corpus despite the petitioner's repeated requests, failed to keep the petitioner reasonably informed about his case, and failed to communicate with petitioner for several years. Id. The petitioner exercised reasonable diligence by writing numerous letters to his attorney seeking crucial information and providing direction, repeatedly contacting the state courts, their clerks, and the Florida State Bar Association to have his attorney removed from the case and even preparing his own habeas petition *pro se* the day the petitioner discovered the statute of limitations expired. Id. at 653. The Court reasoned the statute of limitations could be equitably tolled because the petitioner's delay was a result of his attorney's abandonment and could not be attributed to the petitioner. Id. at 653-54. The Court held that equitable tolling was appropriate because the attorney's abandonment constituted extraordinary circumstances and petitioner's proactive actions established reasonable diligence. See id.

In Holland and similar cases where attorney abandonment has been a ground for

equitable tolling, the attorney was retained to represent the petitioner in habeas corpus proceedings or otherwise led the petitioner to believe counsel would file a habeas petition for the petitioner.  See e.g., id.; Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (finding that if petitioner's attorney abandoned him by failing to inform the petitioner when his motion to withdraw his guilty plea was denied, by refusing to remove herself as appointed counsel, and by leading petitioner to believe that she would file a federal habeas petition on petitioner's behalf then petitioner could be entitled to equitable tolling); Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003) (finding that an attorney's failure to communicate with petitioner, do basic legal research, and failure to file a habeas petition despite being directed by petitioner to do so justify equitable tolling); Spitsyn v. Moore, 345 F.3d 796, 800-02 (9th Cir. 2003) (finding that equitable tolling might be warranted where the attorney denied petitioner access to files, failed to prepare a habeas petition, and did not respond to petitioner's communications).

In the instant case, Petitioner has not alleged that the attorney was retained to assist Petitioner in filing a habeas petition or that the attorney told Petitioner he would file a habeas petition for him.  See Oppo.  In fact, Petitioner recognizes that habeas petitioners generally have no right to counsel and admits that he was unable to pay counsel for any work after sentencing. See id. at 2, 7.  Thus, Petitioner has not established that he had habeas counsel and that counsel abandoned him.

Even if Petitioner could establish that the attorney improperly abandoned him, Petitioner would only be entitled to equitable tolling for the time before he discovered the abandonment. Rudin v. Myles, 766 F.3d 1161, 1173 (9th Cir. 2014).  Here, Petitioner admits that he knew shortly after sentencing in July of 2012 that his attorney had abandoned him because the attorney did not communicate with him despite repeated efforts by Petitioner and his wife to contact counsel.  Despite this knowledge, Petitioner did not file a habeas petition until June 1, 2014 in the San Diego Superior Court – well after the statute of limitations expired.  As a result, Petitioner has not and cannot establish that his attorney abandoned him or that he is entitled to

equitable tolling on the basis of attorney abandonment.

**2. Petitioner's Belief that a Petition had been Filed**

Petitioner also argues that his *pro se* status, lack of legal knowledge and reliance on prison inmate helpers justifies equitable tolling of the AEDPA statute of limitations. Id. at 12-15.

A *pro se* petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see Alva v. Busby, 588 Fed. Appx. 621, 622-23 (9th Cir. 2014). Similarly, reliance on inmate helpers in filing a habeas petition is insufficient to give rise to equitable tolling. Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010); Daly v. Knipp, 585 Fed. Appx. 647, 648 (9th Cir. 2014); Aguilar v. Frauenheim, 2016 WL 4563029, at *3 (S.D. Cal. Sept. 1, 2016). "[A]ny contention that petitioner received inadequate assistance from other inmates in connection with his habeas efforts could not suffice to show an extraordinary circumstance." Nguyen v. Yates, 2010 WL 2569246, at *10 (C.D. Cal. April 29, 2010). As a result, entrusting an inmate with legal documents or responsibilities is done at the petitioner's peril. See Thompson v. Virga, 2012 WL 1944611, at *7 (S.D. Cal. May 29, 2012) (finding equitable tolling unavailable where the petitioner relied on the advice of a jailhouse lawyer); United States v. Cicero, 214 F.3d 199, 205 (D.C. Cir. 2000) (finding equitable tolling not available where the petitioner gave his legal documents to an inmate); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (finding that equitable tolling is not available to a prisoner whose petition was prepared by an inmate in a different prison and was delayed in the mail); Henderson v. Johnson, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998) (finding equitable tolling is not appropriate where a fellow inmate fraudulently represented that he timely filed a petition for him). Reliance on a prison inmate helper or a petitioner's lack of legal knowledge does not make it impossible for a petitioner to timely file a habeas petition and does not warrant equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (citing Roy, 465 F.3d at 969); Doe, 661 F.3d at 1013 (finding that the

petitioner must show that "it was the extraordinary circumstance . . . which caused the failure to timely file").

Claims of inadequate assistance by inmate helpers are not considered extraordinary circumstances in part because it would undermine Congress' desire to accelerate the federal habeas process. Smith v. Foulk, 2016 WL 426612, at *12 (E.D. Cal. Feb. 4, 2016) (citing Henderson, 1 F. Supp. 2d at 655). If inmate helpers' "miscreant, inept or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless." Id. (quoting Henderson, 1 F. Supp. 2d at 655). Equitable tolling is particularly inapplicable where a petitioner does not allege that his assistant withheld his files or otherwise made it impossible for the petitioner file a timely petition himself. Id.

The petitioner's allegations in this case are similar to those made by the petitioner in Henderson. See Henderson, 1 F. Supp. 2d at 655. In Henderson, the petitioner alleged that a fellow inmate represented that he was a lawyer and would assist the petitioner in preparing and filing a habeas petition. Id. at 655. The inmate informed the petitioner that the petition was filed and advised him to wait until the court contacted him. Id. The petitioner relied on the inmate's advice and did not learn that a petition was not filed until after the statute of limitations expired. Id. Under those circumstances, the petitioner was not entitled to equitable tolling. Id. at 655.

In the instant case, Petitioner explains that he thought his first habeas corpus petition was filed in January 2013 by a prison inmate who represented that he was a lawyer. Id. at 13. However, Petitioner's circumstances differ from Henderson because Petitioner admits that he discovered that a petition had not been filed in March of 2013 – at least 7 months before the statute of limitations ran. Id. Unlike the petitioner in Henderson, there was adequate time for Petitioner in this case to file a petition after discovering the inmate failed to file a petition and before the expiration of the statute of limitations. Despite this knowledge and opportunity,

Petitioner failed to file a habeas petition for more than thirteen months.[2]

Further, Petitioner does not allege that the inmate made it impossible for Petitioner to file a habeas petition himself between January and March of 2013.  See Oppo. at 13.  In fact, once Petitioner discovered no petition was filed, he claims that he spent the next three months preparing a habeas petition and allegedly sent one out on June 16, 2013 to the California Court of Appeal.  Id.  This evinces that at any time Petitioner could have filed his own habeas petition.

Petitioner's circumstances are not uncommon to the typical *pro se* prisoner seeking federal habeas review.  Nguyen, 2010 WL 2569246 at *10; Henderson, 1 F. Supp. 2d at 655.  *Pro se* petitioners frequently seek the assistance of another inmate in applying for habeas relief.  Nguyen, 2010 WL 2569246 at *10.  Such reliance does not equitably toll the statute of limitations, particularly where the inmate did not make it impossible to file a timely petition, such as withholding the petitioner's files or records.  See id.; Henderson, 1 F. Supp. 2d at 655; Smith, 2016 WL 426612 at *12; Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance upon incompetent jailhouse lawyer does not constitute "cause" for failure to comply with a state procedural requirement); see Chaffer, 592 F.3d at 1049 (reliance on another inmate to prepare and file his habeas petition does not relieve the petitioner of the obligation to comply with the law and does not warrant equitable tolling).

In summation, Petitioner was always in charge of his habeas petition and voluntarily chose to rely on the assistance of prison inmates.  This did not make it impossible for Petitioner

---

[2] Petitioner claims that he "sent" a habeas petition to the California Court of Appeal on June 16, 2013, but he provides no documentation to support this claim.  Oppo. at 13.  The Court searched for the petition for review in the California Appellate Court's Case Information website at http://appellatecases.courtinfo.ca.gov/ but did not find any filing by Petitioner in 2013.  The only filings by Petitioner in the California Appellate Courts were in 2014.  See http://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=41&search=party.  Also, Petitioner did not allege or provide proof that he prepared this petition, properly and timely gave it to prison officials who failed to mail it, followed up with the appellate court to verify receipt of the petition, or took any other action to ensure that his habeas challenges were timely submitted.  As such, there is no extraordinary circumstance, no due diligence, and no equitable tolling.

to file a timely petition because he could have done so himself at any time. In fact, Petitioner concedes that he was aware that he should have received some documentation from the court after the inmate allegedly filed the petition and began preparing a habeas petition himself. Oppo. at 15 ("[T]o simply wait for something just didn't seem right. Petitioner at least by now understood that he should have received at least proof of receipt by the Court.").

An inmate's fraudulent representation that he filed a habeas petition on Petitioner's behalf is not an extraordinary circumstance. See Nguyen, 2010 WL 2569246 at *10; see also Henderson 1 F. Supp. 2d at 655. Absent extraordinary circumstances, Petitioner cannot establish the AEDPA statute of limitations should be equitably tolled. Holland, 560 U.S. at 649 (holding that equitable tolling requires a showing of both extraordinary circumstances and diligence). Accordingly, Petitioner is not entitled to equitable tolling on account of his *pro se* status, lack of legal knowledge, or reliance on prison inmate helpers.

D. **Petitioner Is Not Entitled to Have His Claims Considered Due to Actual Innocence**

Petitioner also asserts that his petition should not be dismissed because he is "'actually innocent' and has claimed his innocence from his initial arrest and incarceration." Oppo. at 21. He states that his innocence is apparent from the fact that he moved to withdraw his guilty plea. Id. at 22. Petitioner contends that his innocence "should be liberally construed as fact." Id. at 21.

The untimely nature of the instant petition is not excused due to Petitioner's claim of actual innocence. This Court may reach the merits of Petitioner's claims if he can demonstrate that the Court's failure to consider the claims would result in a fundamental miscarriage of justice. See Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993). The United States Supreme Court has said in order to satisfy this actual innocence exception, a habeas petitioner must offer new reliable evidence of an alleged constitutional error that probably resulted in the conviction of an innocent person. See Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). In order to do this,

a petitioner's claim of actual innocence must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. This evidence must be factual and indicate actual innocence, "as opposed to legal innocence as a result of legal error." Gandarela v. Johnson, 286 F.3d 1080, 1085 (9th Cir. 2001) (citing Schlup, 513 U.S. at 321). A petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327).

The Ninth Circuit has interpreted Schlup to mean that a court may consider an untimely claim on the merits and not just procedurally defaulted claims if a petitioner can show that "his claim of actual innocence is sufficient to bring him within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (quoting Schlup, 513 U.S. at 315); see also Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) ("[w]e hold that a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits"); and Nava v. Yates, 2011 WL 6210262, at *6 (C.D. Cal. Oct. 17, 2012) (noting that the actual innocence exception applies to Section 224(d)(1) limitations and not just procedurally defaulted claims).

Petitioner has not presented new reliable evidence in support of a claim of actual innocence. Instead, Petitioner asks the court to "liberally construe" his allegation of innocence as fact. Oppo. at 21. Petitioner's assertion that he is innocent does not make it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. See Majoy, 296 F.3d at 776. Accordingly, Petitioner is not entitled to have his untimely petition heard on the merits under Schlup.

//

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss with prejudice.

**IT IS ORDERED** that no later than **October 28, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 18, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: 9/29/2016

Hon. Barbara L. Major
United States Magistrate Judge