UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SALDANA,<br><br>                                Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, Warden,<br><br>                                Respondent. | Case No.: 16-cv-0161-JLS (BLM)<br><br>**ORDER (1) OVERRULING PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION; (2) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; AND (3) DISMISSING PETITIONER'S PETITION DUE TO UNTIMELINESS**<br><br>(ECF Nos. 13, 20) |

Presently before the Court is Petitioner Leonard Saldana's Objection to Report and Recommendation ("Pet'r's Objs."). (ECF No. 29.) Petitioner's Objection responds to a thorough Report and Recommendation ("R&R"), (ECF No. 20), prepared by Magistrate Judge Barbara Lynn Major, in which Judge Major recommends this Court dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Pet."), (ECF No. 1). Having considered the arguments and the law, the Court **OVERRULES** Petitioner's objections to Judge Major's Report and Recommendation, **ADOPTS** the Report and Recommendation in its entirety, and **DISMISSES** the Petition due to untimeliness.

# BACKGROUND

The R&R adequately details the factual and procedural background in this case. (*See* R&R 2–3.) The Court incorporates the R&R's background discussion by reference, and notes relevant facts where necessary in assessing Plaintiff's objections.

# LEGAL STANDARD

## I. Objections to a Report and Recommendation

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo <u>if objection is made</u>, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## II. AEDPA Statute of Limitations

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations during which a state prisoner may file a federal application for a writ of habeas corpus. 28 U.S.C. §2244(d)(1). Although the statute begins to run once a prisoner's conviction becomes final, the one-year period does not encompass the time during which an application for state collateral review is "pending" in the state courts. § 2224(d)(2). Additionally, a petitioner may be entitled to equitable tolling, but "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Finally, timely or not, a petitioner may assert a claim of "actual innocence" and prevail if he both reveals new evidence and establishes "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327).

## ANALYSIS

In the present case, Judge Major determined that Petitioner's filing was time-barred by AEDPA's statute of limitations, and that Petitioner was not entitled to statutory or equitable tolling, nor did he state a valid claim for actual innocence. (*See generally* R&R.) Petitioner filed a forty-page Objection document, arguing that "the honorable magistrate has erred on the subject of 'legal theories[,]'" (Pet'r's Objs. 1), and discussing AEDPA's actual-innocence exception, (*id.* at 1–10, 31–33), Petitioner's claims of attorney abandonment, (*id.* at 10–21), equitable tolling, (*id.* at 21–31), and statutory tolling, (*id.* at 31–37). The Court construes these various discussions as objections to Judge Major's legal conclusions, and addresses each below in the order of (1) statutory tolling, (2) equitable tolling and petitioner's claims of attorney abandonment as a basis for such tolling, and (3) actual innocence.

### I.     Statutory Tolling

As previously noted, AEDPA provides that its statute of limitations is tolled while an application for collateral review of a petitioner's conviction is "pending" in state court. § 2224(d)(2). This is easily calculated in most states, because habeas review there follows the progression of most civil suits—a petitioner brings suit in a lower court within a mandated period of time, after which there is a determination by that lower court that is then reviewed by a higher court or courts. *See Carey v. Saffold*, 536 U.S. 214, 221 (2002). However, in California review of a lower-court determination is not technically required, and instead a prisoner may file a new "original" habeas petition in a higher Court, with the timeliness of any such filing to be determined by a "reasonableness" standard. *Id.*

California's reasonableness standard merely requires that petitioners file known claims "as promptly as the circumstances allow." *Walker v. Martin*, 562 U.S. 307, 310 (2011) (citing *In re Clark*, 855 P.2d 729, 738, n.5 (Cal. 1993)).

In the present case, Petitioner does not dispute that he did not file the instant action until "more than two years after the statute of limitations ran." (R&R 4.) More specifically, Petitioner did not file his first state-court petition until almost two years after his conviction became final. (*See id.* at 2–3.) However, Petitioner in his objections asserts various reasons for the delay, including

> the attorney's abandonment, . . . the delusion of the unfiled habeas petition, and the wrongly advised and wrongly filed habeas petition, up to the parade of assistants and next friends in barring the habeas petition from going out on time . . . .

(Pet'r's Objs. 37.) But these reasons are more appropriately examined under Petitioner's equitable tolling argument, otherwise the California "reasonableness" standard would result in a complete end-run around AEDPA's statutory constraints. This has been recognized both by the Supreme Court, *Evans v. Chavis*, 546 U.S. 189, 201 (2006) (instructing that—in the absence of any clear directive from California courts—a six month delay in filing does not "fall within the scope of the federal statutory word 'pending' "), and the Ninth Circuit, *Gaston v. Palmer*, 447 F.3d 1165, 1166 (9th Cir. 2006) ("The Supreme Court in *Chavis* held that, absent a clear indication to the contrary by the California legislature or a California court, an unexplained and unjustified gap between filings of six months was 'unreasonable' . . . .").

Accordingly, Petitioner is not entitled to the statutory tolling for the over-one-year period he seeks. The Court therefore **OVERRULES** Petitioner's objection regarding statutory tolling.

## II.   Equitable Tolling

As previously noted, to receive equitable tolling, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstances stood in his way." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (*Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007)). The petitioner must also show that "the extraordinary circumstances were the cause of his untimeliness," and that the "extraordinary circumstances ma[de] it impossible to file a petition on time . . . ." *Id.* (alteration original) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), and *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006)). However, "equitable tolling is 'unavailable in most cases[,]' " and a petitioner therefore bears a heavy burden to prove entitlement to it "lest the exceptions swallow the rule." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Petitioner seems to primarily contest Judge Major's determination that Petitioner did not adequately demonstrate attorney abandonment sufficient to warrant equitable tolling. (*See* Pet'r's Objs. 14–21, 30–31.)[1] Petitioner catalogs particular actions by his two attorneys, (*id.* at 14–16), and argues that because of those actions he "has been prejudiced by both trial counsel and court . . . and [therefore] has shown cause in the attorneys' ineffectiveness and complete abandonment[,]" (*id.* at 30). Specifically, Petitioner argues that (1) his first attorney explicitly told Petitioner to ask himself "should we go to trial," mentioned "an appeal is an entirely different arrangement" for billing purposes, and "lost, misplaced, destroyed, or simply ignored" important witness information collected by Petitioner's wife, (*id.* at 14–15); (2) his second attorney advised him that "[e]ven if we can't pull back the plea, there are still more options that we have[,]" (*id.*); and (3) Petitioner had an open-ended contract with each attorney to "pay for services . . . 'as were needed,' " (*id.*).

/ / /

---

[1] Petitioner's "Equitable Tolling" Section to his objections primarily details AEDPA's actual innocence exception, why the trial Judge did not have standing to accept the plea, and strands of both Supreme Court and Ninth Circuit jurisprudence discussing the "adequate and independent state grounds" exception which may at times bar federal review. (Pet'r's Objs. 21–29). Only the last several paragraphs of the "Equitable Tolling" Section discuss equitable tolling, (*id.* at 30–31), and are thus what the Court here considers in concert with the relevant portion of Petitioner's "Attorney Abandonment" section, (*id.* at 14–21).

However, Petitioner's argument concerning his first attorney's alleged lackluster performance and "intentions to minimize his workmanship because his goal was a plea deal[,]" (*id.* at 14), do not speak to the reason Petitioner failed to timely file his post-plea habeas petition. And that Petitioner's second attorney specifically said Petitioner would have "more options" does not establish the extraordinary circumstance of attorney abandonment; there is no indication that Petitioner asked his second attorney to file a habeas petition on his behalf, nor any indication that Petitioner's second attorney failed to notify him of the status of his request to change his plea. *See, e.g.*, *Holland v. Florida*, 560 U.S. at 652 (finding attorney abandonment where, among other things, petitioner's attorney failed to timely file a petition for habeas corpus despite petitioner's repeated requests, which requests included identifying "the applicable legal rules[,]" and where attorney failed to notify petitioner that state supreme court had decided his case). Furthermore, Petitioner's objections nowhere refute Judge Major's apt points that Petitioner "admits he was unable to pay counsel for any work after sentencing" and that "[e]ven if Petitioner could establish that the attorney improperly abandoned him, Petitioner would only be entitled to equitable tolling for the time before he discovered the abandonment[,]" and therefore would still run afoul of AEDPA's statute of limitations. (R&R 8.)[2]

Accordingly, Petitioner does not adequately demonstrate attorney abandonment such that the AEDPA statute of limitations should be equitably tolled. And even if Petitioner did establish sufficient abandonment, the statute would only be tolled until late 2012, (*see* Pet'r's Opp'n to Resp't's Mot. to Dismiss 4 (unable to communicate with attorney through June of 2012); *id.* at 13 (accepted assistance from inmate in filing petition starting December 20, 2012)), thus making Petitioner's first, June 1, 2014 habeas filing

/ / /

---

[2] Additionally, although Petitioner did not directly object to Judge Major's conclusion that Petitioner "is not entitled to equitable tolling on account of his *pro se* status, lack of legal knowledge, or reliance on prison inmate helpers[,]" (R&R 12), the Court notes that Judge Major's conclusion was correct and thoroughly supported by the record and controlling law.

untimely regardless. Given the foregoing, the Court **OVERRULES** Petitioner's Objection regarding attorney abandonment and equitable tolling.

### III.  Actual Innocence

As previously noted, a Petitioner who validly claims actual innocence via new evidence may bypass AEDPA's statute of limitations entirely. However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).

In the present case, Petitioner claims that he satisfies the actual-innocence exception, (Pet'r's Objs. 1–10, 31–33), and objects to Judge Major's determination that "Petitioner has not presented new reliable evidence in support of a claim of actual innocence" sufficient to "have his untimely petition heard on the merits[,]" (R&R 13). Specifically, Petitioner objects generally to the plea-bargaining system and its effect on our justice system, (Pet'r's Objs. 1–8), argues that he is actually innocent, (*id.* at 31–33), and that in his underlying case "the Prosecution's evidence [was] only speculative[,]" (*id.* at 32).

However, Petitioner nowhere identifies any new evidence indicating that he is, in fact, innocent. Instead, Petitioner's main contention seems to be that his claim of "innocence from [the date of] his initial arrest and incarceration . . . should be liberally construed as fact." (Pet'r's Opp'n to Resp't's Mot. to Dismiss 2; *see* Pet'r's Objs. 31 ("The declaration of innocence in the instant case is not just an allegation[;] it is a declared fact that must not be brushed aside . . . .").) However, a Petitioner's belief is insufficient alone to prove actual innocence; instead, objective evidence that was previously not presented is required.[3]

/ / /

---

[3] And Petitioner in the instant case tacitly recognizes this by noting that "Petitioner's case very much parallels *McQuiggin*" and detailing the fact that the petitioner in *McQuiggin* "rel[ied] on three affidavits, . . . each pointing to [another person] as the murderer." (Pet'r's Objs. 31.)

Given the foregoing, the Court cannot say that "in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 327). Accordingly, the Court **OVERRULES** Petitioner's objection regarding actual innocence.

## CONCLUSION

After reviewing Petitioner's Opposition to the underlying Motion to Dismiss, (ECF No. 19), Judge Major's thorough Report and Recommendation, (ECF No. 20), and Petitioner's Objections to Judge Major's Report and Recommendation, (ECF No. 29), the Court agrees with Judge Major's conclusion that the Petition is time barred. Accordingly, the Court **OVERRULES** Petitioner's Objections, **ADOPTS** Judge Major's Report and Recommendation in its entirety, and **GRANTS WITH PREJUDICE** Respondent's Motion to Dismiss. Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: March 7, 2017

Hon. Janis L. Sammartino
United States District Judge